**Thomas D. BOLES et al., Plaintiffs-Appellants,**

v.

**GREENEVILLE HOUSING AUTHORITY, Defendant-Appellee.**

No. 72–1087.

United States Court of Appeals, Sixth Circuit.

Oct. 18, 1972.

H. R. Silvers, Greeneville, Tenn., (Milligan, Silvers, Coleman, Fletcher & Gaby, Greeneville, Tenn., on brief), for appellants.

John A. Armstrong, Greeneville, Tenn., for appellee.

Before: EDWARDS, McCREE, Circuit Judges, and TUTTLE, Senior Circuit Judge.*

TUTTLE, Circuit Judge.

This appeal arises out of a class action seeking declaratory and injunctive relief with regard to a partially completed Urban Renewal Project in Greeneville, Tennessee, which had been approved by the Department of Housing and Urban Development (HUD) for Federal funding. Plaintiffs-appellants are the two classes of citizens who own property (1) within, or (2) near the Project Area. The lone defendant-appellee is the Greeneville Housing Authority, the local agency which administers the Project. HUD was not joined as a defendant.

The district court, having acknowledged its subject matter jurisdiction, conducted a full evidentiary hearing on the appellants' allegations. On the basis of that hearing it found in favor of the Housing Authority on all issues. It is that decision which is the subject of this appeal.

On appeal the appellants attack the Urban Renewal Plan, as proposed by the Housing Authority and approved by HUD, on several grounds. The first is that the Urban Renewal Area boundary as drawn in the Plan is arbitrary, unreasonable, unsupported by the evidence, and in violation of 42 U.S.C.A. § 1460 (a).[1]

---

* Honorable Elbert Parr Tuttle, Senior Circuit Judge, Fifth Circuit, sitting by designation.

1. (a) "Urban renewal area" means a slum area or a blighted, deteriorated, or deteriorating area in the locality involved which the Secretary approves as appropriate for an urban renewal project.

Appellants also attack Principle Object "d" of the Plan which is stated as follows: "To provide additional land area for Pet Dairies, Inc. for needed expansion of plant facilities." Appellants argue that this provision contemplates a taking of their property for the private use of another in violation of the Due Process Clause of the Fourteenth Amendment as well as of Article I, Section 21 of the Tennessee Constitution. A HUD guideline (to be found in HANDBOOK RHA 7205.1, Chapter 1, page 1) provides that "The legal eligibility of a project area must be determined in the light of state and local requirements as well as Federal requirements. . . ." Appellants assert that the Plan, having an unconstitutional provision, violates this guideline.

Finally appellants assert that the notice of the public hearing on the Project as well as the public hearing itself were insufficient both as a practical matter and in a constitutional sense.

We list the appellants' allegations in order to suggest the breadth of the questions at issue. A resolution of these issues would have an impact beyond the parties presently before the court. Specifically, the potential prejudice of a decision on the merits of this case upon HUD, if we were to reverse the judgment below (or for that matter, were we to reach a decision at all), is so substantial that the Secretary of HUD must be considered an indispensable party under Federal Rule of Civil Procedure 19.[2]

■ Rule 19, of course, provides criteria for determining whether an unjoined party's interests are sufficiently substantial that a court should not proceed to a decision on the merits in its absence.[3] Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court. A failure to meet this burden results in the necessity of either joinder or dismissal.

2. (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. . . .

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a) (1)—(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

3. However, Rule 19 does not set forth a test capable of mechanical application. It must be read with a feeling for the various policy considerations which underlie it.

Generally where its jurisdiction is properly invoked, the court is inclined to adjudicate fully the matter before it. Certainly the court does not wish to prejudice unduly the interests of parties properly before it on the basis of hypothetical claims of parties who are absent. Also the court is compelled by the desire to make available a judicial forum, to avoid the cost and time consumed in multiple litigation and to avoid possible inconsistent results in multiple litigation arising out of the same factual setting.

■ In this case Rule 19 was neither litigated at the trial level nor briefed on appeal.[4] Nevertheless, the record before us makes it clear that HUD is at least arguably indispensable.

■ The basis of the appellants' attack is that the Urban Renewal Plan as it now exists violates, inter alia, HUD guidelines and the Urban Renewal Act. Yet it was on the basis of its interpretation of these same provisions that HUD approved the Plan, thus assuring its implementation. Thus, when appellants attack the Plan, they indirectly attack HUD's administrative decision approving the Plan.

In order to grant the relief sought by the appellants this court would be compelled to hold in effect that not only did HUD misinterpret its own guidelines, but that it also misconceived its function and prerogatives under the Urban Renewal Act.[5] To make such a determination without joining HUD is to deprive it of the right to defend the integrity of its administrative decisions in these areas which so intimately affect its policies and procedures.

We are most hesitant to set the precedent of allowing the policies and practices of HUD or any other federal agency to be overhauled by the judiciary without at least affording the agency the opportunity to be heard in support of its present operation.

To be weighed against HUD's interests we have the interests of the appellants. Without having given the full consideration that would be required to arrive at a final decision on the merits of this appeal, we can but note that appellants make a somewhat convincing case for several of their grounds for reversal. Unfortunately, the case they make is neither met nor answered by one of the principal parties at interest, the Department of Housing and Urban Development. If we should act on the appellants' appeal we would effectively set aside a HUD project without hearing a single word from HUD.

Nevertheless, in spite of HUD's clear interests we would be reluctant to dismiss the appellants' appeal if such an act would work substantial harm to their rights. Such need not be the case. A dismissal of the appeal does not leave them remediless. Our dismissal of an appeal on this ground would be without prejudice. It is, thus, permissible for the appellants to join HUD as a defendant and assert their claims again in the district court.

We note further that the appellants may pursue their theory of a violation of the Tennessee Constitution in the State Courts of Tennessee. Also the appellants may pursue whatever remedies might be available to them in the appropriate State condemnation proceeding.

In light of the magnitude of the interests of the affected parties in this case we find other relevant concerns, such as the desire for judicial economy, unpersuasive. Any hardship suffered by the appellants is attributable to their own failure to bring HUD into the case as a party.

---

Still the interests of an unjoined party are especially vulnerable in that they are not vigorously asserted by counsel before the court. As a result it is possible that the true nature and extent of these interests may not be explored until after they are irreparably prejudiced. See Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102 (1969), at 118–119, 88 S.Ct. 733, 19 L.Ed.2d 936.

Our analysis of this case is made with these factors in mind.

4. We do not hesitate to raise the indispensable party question on our own motion: "When necessary . . . a court of appeals should, on its own initiative, take steps to protect the absent party, who of course had no opportunity to plead and prove his interest below." Provident Tradesmens Bank and Trust Co. v. Patterson, supra, at 111, 88 S.Ct. at 738.

5. It was neither argued, nor does the record indicate, that HUD's approval of the Plan was in conscious violation of its guidelines or the Urban Renewal Act. Therefore, if HUD is in error it is due solely to misinterpretation or misconception.

Our careful examination of the foregoing factors leads us to the conclusion that the potential prejudice to HUD as a result of a decision on the merits of this case far outweighs both the inconvenience which might befall the appellants as the result of a dismissal and concerns over the desire to effect judicial economy which would be served by our proceeding to a decision on the merits.

The appeal is dismissed and the case is remanded to the trial court for entry of an order vacating its judgment of dismissal, provided the plaintiffs elect within a reasonable time, to be determined by the trial court, to move to join the proper representatives of the Department of Housing and Urban Development as defendants.[6]

6. We point out that our decision today will not have a fatal effect on any other currently pending suit challenging local Urban Renewal Projects in which HUD is not joined. It is permissible to join HUD as a defendant at any stage of the litigation in the trial court so long as it is given sufficient notice and opportunity adequately to defend its interests.