**Albert THOMAS and Ellora Thomas, his wife, Plaintiffs,**

v.

**Sam A. DeVILBISS and Laura DeVilbiss, his wife, Defendants.**

**No. CIV 73-90-TUC-WCF.**

United States District Court, D. Arizona, Tucson Division.

Sept. 14, 1973.

---

See also, D.C., 408 F.Supp. 1361.

Hale C. Tognoni, Phoenix, Ariz., for plaintiffs.

William C. Smitherman, U. S. Atty., P. Michael Drake, Asst. U. S. Atty., Tucson, Ariz., Richard J. Riley, Bisbee, Ariz., for defendants.

## MEMORANDUM AND ORDER

FREY, District Judge.

On April 30, 1973, plaintiffs, Albert Thomas and Ellora Thomas, filed in this Court a complaint naming Mr. and Mrs. DeVilbiss as defendants. The complaint seeks review of a decision of the Secretary of Interior, acting through the Board of Land Appeals, affirming a decision of the administrative law judge declaring that defendants had standing to contest plaintiffs' mining claims and that

plaintiffs' six lode mining claims were null and void for lack of the requisite discoveries on each of them. Defendants subsequently filed a Motion to Dismiss under Rule 12(b)(7) of the Federal Rules of Civil Procedure and a Motion to Strike. On July 5, 1973, plaintiffs filed their responsive memorandum to defendants' motions. This Court will not consider defendants' Motion to Strike since the issue of the Secretary's indispensability is dispositive of the case.

Plaintiffs allege that this Court has jurisdiction under the provisions of the Administrative Procedure Act, Title 5 U.S.C., Sections 701–706. Since plaintiffs have exhausted their administrative remedies, they may seek judicial review of the Secretary's decision; but if this Court lacks jurisdiction upon any ground the present action may not be maintained under the Administrative Procedure Act. *Chournos v. U. S.*, 335 F.2d 918 (10th Cir. 1964).

Plaintiffs also allege that this Court has jurisdiction under Title 28 U.S.C., Section 1361 (mandamus); plaintiffs are mistaken. The Court does not have jurisdiction under 28 U.S.C., Section 1361, which states:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

It is obvious that a Federal District Court's jurisdiction to compel by writ of mandamus is operative only as against an officer, employee or agency of the United States. There being no federal officer, employee or agency before this Court, plaintiffs' action does not fall within the scope of Title 28 U.S.C., Section 1361.

The pertinent facts in this ·case are simple. Mr. and Mrs. Sam A. DeVilbiss, on June 15, 1967, filed a private contest complaint naming Mr. and Mrs. Albert Thomas as contestees, pursuant to 43 CFR 4.450–1 (formerly 1852.1-1). The complaint alleged that contestants were the owners of the surface estate of contestees' unpatented mining claims and that part of the land on which the claims were located were leased to them by the United States Government under the Taylor Grazing Act. The complaint also charged that the mining claims were invalid because there was no valid discovery as defined by the mining laws; that the property was not "mineral" in nature; that the Thomas had no valid assessment work to support the mining operations; and that the Thomas had destroyed surface improvements belonging to the contestants.

On November 9, 1971, a decision by John R. Rampton, the administrative law judge, held, in essence, that a surface owner or surface lessee of the United States Government has the right to bring an action in a forum provided by the Department of Interior to determine the validity of conflicting claims and that the Liberty lode mining claims were null and void because of lack of valid discovery. The land was non-mineral in nature because the nature of the mineral found and the other evidence indicated that a person of ordinary prudence would not be justified in the further expenditure of his labor and means with a reasonable prospect of success in developing a valuable mine (the prudent man rule was not met), hence the requisites for a valid discovery were not present.

This decision was affirmed by the Board of Land Appeals on February 28, 1973.

Plaintiffs are now asking this Court to issue an order that the Department of Interior is without jurisdiction to open its forum to mineral contests initiated by a private party who has no adverse mineral claim and that the Liberty claims are not invalid for lack of discovery. Plaintiffs are also asking that this Court remand the case to the Secretary of Interior.

The Administrative Procedure Act, expressly provides that "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial

review thereof." (5 U.S.C. Section 702). It has been held that decisions of the Secretary of Interior with respect to mining claims may be judicially reviewed in accordance with the standards prescribed by that Act. *Adams v. Witmer*, 271 F.2d 29 (9th Cir. 1958); *Coleman v. U. S.*, 363 F.2d 190 (9th Cir. 1966).

Plaintiffs seek judicial review of agency action pursuant to 5 U.S.C., Section 702; yet neither the agency nor any official of the agency is named as a defendant in the suit. The only party defendants before this Court are Mr. and Mrs. DeVilbiss and they are without the authority to take any action which would grant relief to the plaintiffs with respect to the Department of Interior or any of its agents or employees. The generally accepted procedure is to bring suit against the Secretary of Interior when review is sought with respect to Department of Interior decisions. This procedure was approved by the Supreme Court in *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963).

Further, the decision of the agency once final, is res judicata as to the issues and parties involved. "The Supreme Court has recently observed that 'language to the effect that *res judicata* principles do not apply to administrative proceedings * * * is certainly too broad' and that 'when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.' *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966)." *Safir v. Gibson*, 432 F.2d 137 (1970), cert. denied, 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246.

Further "the reason for applying *res judicata* to administrative agencies is not only to 'enforce repose' but also to protect a successful party from being vexed with needlessly duplicitous proceedings." *Safir v. Gibson*, supra.

Getting back to the issue of whether there is a proper party defendant, this Court is of the opinion that the Secretary of Interior is not only a proper party but indispensable. It is the Secretary who decides whether a grazing lessee, under Section 15 of the Taylor Grazing Act, has a sufficient adverse interest under 43 CFR 4.450–1 (1972) to initiate a contest against a mining claimant; it is also the Secretary who decides whether there is a valid mining claim; one where there is a proper discovery of a valuable mineral deposit.

If it should be held that plaintiffs are entitled to the relief sought, this Court would not only be allowing a collateral attack, but would be amending the Secretary's rule to read that only a person who claims an adverse *mining* interest may initiate a private contest proceeding. Manifestly, the Court ought not, at least without the presence of the Secretary, grant relief of such far-reaching consequence both to the Department of Interior and those owning or leasing surface rights. *Sellas v. Kirk*, 200 F.2d 217 (9th Cir. 1952). In addition, even if the thrust of a suit which names a subordinate (or as in this case, a private party) is in actuality against the Secretary and his administrative regulations, the Secretary is an indispensable party. *Stroud v. Benson*, 254 F.2d 448 (4th Cir. 1958).

This Court concludes that the present action cannot be maintained under the Administrative Procedure Act; the issues involved are res judicata and the Court lacks jurisdiction. Defendants' Motion to Dismiss for failure to join an indispensable party, is good.

IT IS ORDERED that defendants' Motion to Dismiss, is granted.

IT IS FURTHER ORDERED that the Clerk of the Court forthwith serve a copy of this Order on all counsel of record.