## In re Grand Jury Proceedings, Tom HERGENROEDER.

### No. 77–2113.

United States Court of Appeals,
Ninth Circuit.

June 9, 1977.

James F. Tritt, argued, Fresno, Cal., for appellant.

Anthony Copozzi, argued, Asst. U.S. Atty., Fresno, Cal., for appellee.

Before GOODWIN, WALLACE and ANDERSON, Circuit Judges.

**PER CURIAM:**

Tom Hergenroeder appeals an order that he stand committed until he purges his contempt or until the adjournment of the grand jury which requested the handwriting exemplar he has refused to produce.

Faced with Supreme Court authority that he has neither a Fourth Amendment[1] nor a Fifth Amendment[2] right to refuse the exemplar, Hergenroeder claims a "supervisory-power" right to an affidavit from the government that the exemplar is relevant to an ongoing investigation by the grand jury, and is "not sought for some other purpose." A case from another circuit appears to support this proposition. *See In Re Grand Jury Proceedings* (Schofield) 486 F.2d 85 (3rd Cir. 1973). In this circuit the supervision of the grand jury by the district court is more narrowly construed. *United States v. Chanen*, 549 F.2d 1306 (9th Cir. 1977).

In view of the presumption that the government obeys the law, we see no reason to inject into routine grand jury investigations the delay and imposition upon district courts that will be opened up by a rule institutionalizing these disclaiming affidavits.

An exculpatory affidavit from the government would not advance the administration of justice in this case. *In Re Braughton*, 520 F.2d 765 (9th Cir. 1975). Accordingly, the judgment of contempt of court is affirmed. The mandate will issue now.

1. *United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973).

2. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).