In re GRAND JURY PROCEEDING.

Stephen W. SCHOFIELD and North Shore Porsche and Volkswagen Repair, Intervenors/Appellants/Cross Appellees,

v.

UNITED STATES of America, Appellee/Cross Appellant.

Nos. 83–1743, 83–1748.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1983.

Decided Dec. 13, 1983.

Paul A. Tomar, Honolulu, Hawaii, for intervenors/appellants/cross appellees.

Michael Chun, Asst. U.S. Atty., Honolulu, Hawaii, for appellee/cross appellant.

Before CHAMBERS, SNEED and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The district court granted in part and denied in part attorney Robert J. LeClair's motion to quash a grand jury subpoena. Intervenors Stephen W. Schofield and North Shore Porsche and Volkswagen Re-

pair appeal, arguing that a preliminary showing of need and relevance must be made by the government before a subpoena duces tecum will be enforced against the prior attorney of a subject of grand jury investigation. The United States appeals, urging that the district court erred when it required this preliminary showing as to fees and expenses paid by Schofield to a prior attorney. That part of the district court's decision denying the motion to quash is affirmed, and that part of the decision granting the motion to quash is reversed and remanded.

## I. BACKGROUND

Robert J. LeClair was served with a subpoena duces tecum requiring his appearance at a grand jury hearing. The subpoena directed him to testify and bring "any records or documents pertaining to any financial transaction with STEPHEN W. SCHOFIELD and/or NORTH SHORE PORSCHE AND VOLKSWAGEN REPAIR" during a particular time period. Although Schofield and North Shore (hereinafter together referred to as Schofield) had retained LeClair as their attorney during the time specified in the subpoena, at the time of the grand jury investigation he was no longer in their employ.

LeClair filed a motion to extend time for compliance with the subpoena and to quash in part. The extension was granted. Schofield subsequently filed a petition to intervene. This petition was also granted. Following filing of memoranda by both parties, the district court granted the motion to quash to the extent that it related to fees and expenses paid to LeClair by Schofield. To obtain this information, the government would be required to make a preliminary showing, by affidavit, of legitimate need and relevance. The motion to quash was, in all other respects, denied.

1. In reaching this decision, the district court relied on the reasoning of the Fourth Circuit decision, *In re Grand Jury No. 81–1 (Harvey)*, 676 F.2d 1005 (4th Cir.1982). That opinion was withdrawn by the Fourth Circuit, en banc. *In re Grand Jury No. 81–1*, 697 F.2d 112 (4th Cir. 1982). Although this court is free to adopt the

Immediate appeal is proper because the subpoena was directed to a third party. *In re Grand Jury Subpoena Duces Tecum (Lahodny)*, 695 F.2d 363, 365 (9th Cir.1982).

## II. DISCUSSION

In the instant matter, the district court determined that before a grand jury subpoena duces tecum could be enforced against the prior attorney of the target of a grand jury investigation, the government would be required to make a preliminary showing of legitimate need and relevance.[1] The district court believed that this showing, to be made by affidavit, was necessary to assist it in determining whether the attorney-client privilege applied to the subpoenaed testimony and documents regarding fees and expenses paid to the attorney by the target. Based on the law of this circuit, we disagree.

The general principles applicable to the attorney-client privilege in this circuit are well settled. The privilege protects only those confidential communications made by a client to an attorney in order to obtain legal assistance. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). It extends to the client's ulterior motive for litigation or retention of an attorney. *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir. 1982). "The purpose of the privilege is to protect and foster the client's freedom of expression. It is not to permit an attorney to conduct his client's business affairs in secret." *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir.1977).

The existence of an attorney-client relationship, or the fee arrangement between an attorney and his client, is generally not privileged or protected by the privilege. *In re Michaelson*, 511 F.2d 882, 888 (9th Cir.1975). This general rule is

*Harvey* rationale, we do not do so in the instant matter. Not only is it factually distinct, it conflicts with this circuit's narrow construction of the supervisory power of district courts over grand juries. *United States v. Chanen*, 549 F.2d 1306 (9th Cir.1977).

subject to what has been characterized as the *Baird* exception: "A client's identity and the nature of that client's fee arrangements may be privileged where the person invoking the privilege can show that a strong probability exists that disclosure of such information would implicate that client in the very criminal activity for which legal advice ·was sought." *United States v. Hodge and Zweig,* 548 F.2d 1347, 1353 (9th Cir.1977) (citing *Baird v. Koerner,* 279 F.2d 623, 630 (9th Cir.1960)).

 Initially, the party seeking infor-mation must demonstrate a legitimate interest in the requested information. *Hodge and Zweig,* 548 F.2d at 1354. No affidavit of relevance and need must be introduced; legitimate purpose may be derived from the fact that the subpoena is necessary to a legitimate pursuit and the presumption that the government obeys the law. *See id.* at 1355; *In re Grand Jury Proceedings (Hergenroeder),* 555 F.2d 686 (9th Cir.1977). If disputed, the materials sought should be submitted to the court for an *in camera* inspection, with the party asserting privilege providing an explanation of how the information fits within that privilege. *In re Grand Jury Witness (Salas),* 695 F.2d at 362. This enables a supervising court to issue a protective order regarding privileged portions before turning the materials over to the grand jury. *Id.* This procedure does not foreclose the witness from asserting attorney-client privilege or other available defenses to specific requests for testimony or production during the grand jury appearance.

This circuit has refused to require disclaiming affidavits, holding that

[i]n view of the presumption that the government obeys the law ... [there is] no reason to inject into routine grand jury investigations the delay and imposition upon district courts that will be opened up by a rule institutionalizing these disclaiming affidavits.

*Hergenroeder,* 555 F.2d at 686. This is the rule that must be applied in the instant matter. No preliminary affidavit, disclaiming ill intent, will be required of the government where a grand jury has subpoenaed testimony or material evidence in good faith. To rule otherwise would not advance the administration of justice. *Id.*

### III. CONCLUSION

The district court erred when it required the government to submit a preliminary showing of relevance and need, by affidavit, before obtaining evidence concerning fees and expenses. Proper assertion of the attorney-client privilege does not require such disclaimers; instead, the burden is on the party asserting privilege to demonstrate how the information sought fits within it. In view of this rule, the decision of the district court granting the motion to quash must be

REVERSED and REMANDED FOR FURTHER CONSIDERATION; in all other respects, the decision of the district court is AFFIRMED.