Sandra Ethel McCOWEN, et al.,
Plaintiffs-Appellees,

v.

William JAMIESON, Jr., et al.,
Defendants-Appellants.

No. 83–1961.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 1983.

Decided Feb. 2, 1984.

---

Robert S. Segelbaum, Phoenix, Ariz., for defendants-appellants.

Kenneth L. Schorr, Edward M. Ober, Phoenix, Ariz., for plaintiffs-appellees.

Before DUNIWAY, TIMBERS\* and SKOPIL, Circuit Judges.

TIMBERS, Circuit Judge:

Certain officials of the State of Arizona appeal from a summary judgment entered April 21, 1983 on motions of appellees in the District of Arizona, Charles L. Hardy, *District Judge,* directing, inter alia, that the Arizona Department of Economic Security (ADES) provide replacement food coupons to those entitled to receive them within ten days after the report of non-delivery had been received by ADES.

For the reasons stated below, we remand the case to the district court with directions to add the Secretary of the United States Department of Agriculture as a necessary party.

## I.

This appeal arises out of a class action challenging the distribution of food coupons by ADES. On July 24, 1981, a complaint was filed against state officials in ADES responsible for administering the food coupon program in Arizona. One of the claims involved replacement of lost food coupons. An injunction was sought to restrain ADES from continuing to refuse promptly to reissue food coupons lost in the mail. Federal regulations then in effect required replacement of food coupons within five days after the report of non-delivery was received by ADES.[1] ADES admittedly did not comply with this regulation.[2]

During the pendency of this action, on August 3, 1981, the Food and Nutrition Service (FNS) of the United States Department of Agriculture (USDA) granted ADES a waiver allowing fifteen days to

---

\* Of the Second Circuit, by designation.

1. 7 C.F.R. § 274.3(c)(1)(vi) (1981). This five-day time period was changed to ten days by federal regulation on October 9, 1981. 46 Fed. Reg. 50284 (1981), codified at 7 C.F.R. § 274.3(c)(1)(iv) (1983).

2. Use of certified mail to distribute food coupons was instituted in 1981 in order to cut down the losses which had been experienced with regular mail distribution. ADES sought a

waiver of the ten-day requirement of 7 C.F.R. § 274.3(c)(1)(iv) because of the delays attendant on return of the certified mail receipt by the post office. Since February 1982, some requests for replacement of coupons have been denied because signed certified mail receipts were located during the subsequently granted 15-day replacement period, resulting in a total savings to the program of $406,466.00 through May 1983.

issue replacement food coupons.[3] On September 11, 1981, an amended complaint was filed which added the United States Secretary of Agriculture as a federal defendant and challenged the validity of the waiver. Since negotiations with the state defendants at first suggested that settlement by consent judgment could be reached, the plaintiff class never served the Secretary of Agriculture. Later, plaintiffs dismissed the Secretary of Agriculture as a defendant. No settlement was reached.

After the district court granted appellees' motion for summary judgment, a judgment was entered which required ADES, inter alia, to provide replacement food coupons within ten days after the report of their non-delivery had been received by ADES. The sole issue on this appeal arises from that part of the district court's judgment which provides for replacement of lost food coupons. Appellants argue that the waiver granted by the FNS was proper and within its authority. They also argue that the Secretary of Agriculture was a necessary party to the action and that it was error for the district court to have proceeded without him.

## II.

■ We believe that resolution of the waiver issue would have a significant impact on persons not presently before the court. Specifically, the potential prejudice to FNS and the USDA resulting from a decision on the merits is so substantial that the Secretary of Agriculture should be, and is, a necessary party.

Fed.R.Civ.P. 19 provides criteria for determining whether the interest of a person who has not been joined as a party is so substantial that the court should not dispose of the action on the merits in the absence of such person. Rule 19(a), to the extent here applicable, provides that a person should be joined as a party if he claims an interest relating to the subject of the action and if adjudication in his absence will impair or impede his ability to protect that interest.[4] It is unclear from the district court opinion in the instant case whether the court determined that FNS did not have the authority to grant the waiver or whether it found that the waiver was granted in violation of the procedure prescribed in the regulations. In either event, there is no basis for the decision which does not rest on federal government error in the granting of the waiver.

*Boles v. Greeneville Housing Authority,* 468 F.2d 476 (6th Cir.1972), (Tuttle, J., sitting by designation), persuades us that the Secretary's interest in the food stamp program is sufficient to require joinder if feasible. At issue in *Boles* was a contention that an Urban Renewal Plan violated HUD guidelines and the Urban Renewal Act. The court held that, when the appellant property owners attacked the Plan, they indirectly attacked HUD's administrative decision to approve it. In a similar vein, appellees in the instant case attacked the waiver granted by FNS. In order to grant relief, we would have to hold that FNS misinterpreted the statute and its own regulations, and had no authority to grant such a waiver. To make such a determination without the Secretary's being a party to the action would be to "deprive it of the right to defend the integrity of its administrative decisions in these areas which so intimately affect its policies and procedures." *Boles, supra,* 468 F.2d at 479. We believe that the interests here involved are sufficiently im-

---

**3.** This waiver was extended indefinitely on September 15, 1982.

**4.** Fed.R.Civ.P. 19(a) in relevant part provides: "**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest...."

portant to justify the Secretary's joinder if feasible.

Appellees assert three reasons why the Secretary is not a necessary party. First, they argue that complete relief can be granted to ADES and the food coupon recipients without the Secretary's participation. Assuming arguendo that this contention is correct, it is responsive only to Rule 19(a)(1). The basis of the instant challenge lies in Rule 19(a)(2)(i). The latter provision of the Rule applies where a potential party claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may impair his ability to protect that interest. In this case the plaintiff class is attacking a defendant who is following the direction of the Secretary in applying a modification of the administrative regulations. Where the thrust of an action is against the agency's interpretation of its own regulations, naming subordinates as defendants in the action does not negate the Secretary's indispensability. *Thomas v. DeVilbiss,* 408 F.Supp. 1357, 1360 (D.Ariz.1973).

Second, appellees argue that, as a practical matter, the Secretary is not injured. The interest of the Department of Agriculture here, however, is at least as significant as that of HUD in *Boles.* At issue here is the validity of the waiver. A holding that the waiver was beyond the authority of the Secretary or was improperly promulgated necessarily constrains the future options of the Secretary. Although not necessary to our decision, as some indication of the potential adverse effect on the Secretary of such a holding, there is evidence that the USDA has granted waivers to the state agencies of Washington, Utah, Nevada and Kansas similar to that granted to Arizona. Appellees' contention that appellants will argue forcefully in favor of the waiver's validity is insufficient to protect the Secretary's interest: appellants may have interests which conflict with those of the Secretary, and the Secretary has a right to independent representation where his interests are at stake. As in *Boles,* we are "most hesitant to set the precedent of allowing the policies and practices of [a federal agen-

cy] to be overhauled by the judiciary without at least affording the agency the opportunity to be heard in support of its present operation." 468 F.2d at 479. Appellees have the burden of establishing that the Secretary's interests will not be impaired. This they have not done.

■ Finally, appellees argue that appellants never have pressed this issue before and therefore are estopped from asserting it now. This argument is wrong as a matter of law. The issue is sufficiently important that it can be raised at any stage of the proceedings—even sua sponte. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111 (1968). We are acting to protect the Secretary's interest, not that of appellants. We refuse to allow the Secretary to be injured by appellants' error.

We remand the case to the district court with directions to add the Secretary of Agriculture as a necessary party.

*Vacated and remanded.*

DUNIWAY, Circuit Judge (dissenting):

I dissent.

The applicable regulation, 7 C.F.R. § 272.4(e)(1)(i) reads, in part:

In the event that a State agency is sued by any person(s) in a State or Federal Court in any matter which involves the State agency's administration of the Food Stamp Program, the State agency shall immediately notify FNS that suit has been brought and shall furnish FNS with copies of the original pleadings. State agencies involved in suits shall, upon request of FNS, take such action as is necessary to join the United States and/or appropriate officials of the Federal Government . . . as parties to the suit.

We must presume that the required notice to FNS has been given. It is presumed that government officials obey the law and perform the duties imposed on them by law. *See, e.g., Federal Communications Commission v. Schreiber,* 1965, 381 U.S. 279, 296, 85 S.Ct. 1459, 1470, 14 L.Ed.2d 383 applying

"the presumption to which administrative agencies are entitled—that they will act properly and according to law;" *United States v. Crusell,* 1871, 81 U.S. (14 Wall.) 1, 4, 20 L.Ed. 821; *In re Hergenroeder,* 9 Cir.1977, 555 F.2d 686. Moreover, because steps have not been taken to join the United States or appropriate federal officials, we must presume that FNS has not requested that action be taken to join the United States or such officials.

In short, we must presume that FNS has been afforded notice and an opportunity to participate. Neither it nor the United States nor any Federal official is knocking at the door. Under these circumstances, I see no reason for us to require the trial court to open the door and go out and look for federal agencies or officials and invite them in.

I would decide this case on the merits.