812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
SIX HUNDRED SEVENTY THOUSAND DOLLARS ($670,000.00) IN
CANADIAN TREASURY BILLS AND FIVE HUNDRED DOLLARS
($500.00) IN UNITED STATES CURRENCY,
Defendant- Appellant.
and
CASTLETON, LTD., and Liffie, Ltd., Michigan limited
partnerships, Intervening Claimants-Appellants.
 No. 85-1983.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1987.
 
 Before RYAN and BOGGS, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal arises out of a forfeiture action prosecuted by the United States to establish the government's entitlement to a large volume of Canadian Treasury Bills seized when William O. Bridge attempted to bring them into the United States without filing the necessary declaration. The district court granted summary judgment to the government. For the reasons that follow, the appeal is dismissed and the case is remanded to the district court with instructions.
 
 
 2
 It appears that William O. Bridge is bankrupt. Fred J. Dery, as trustee for the bankrupt estates of William O. Bridge and his wife, Frances, has moved this court to permit him to intervene in this appeal for the purpose of having the case remanded so that the district court can determine his indispensability to the instant litigation. Fed.R.Civ.P. 19(a)(2). The motion to intervene is denied as untimely. Michigan Association for Retarded Citizens v. Smith, 657 F.2d 102 (6th Cir.1981). But because the trustee claims entitlement to the Canadian Treasury Bills at issue in this case, he is arguably an indispensable party. In order to resolve the legal and factual issues relating to the trustee's claim of indispensability, the case must be remanded to the district court for an evidentiary hearing to determine whether the trustee is an indispensable party to this litigation within the meaning of Fed.R.Civ.P. 19(a)(2), or for any other reason should be made a party to this case. Boles v. Greenville Housing Authority, 468 F.2d 476 (6th Cir.1972). If the district court determines that the trustee should be made a party, the court shall set aside the summary judgment heretofore entered and conduct such proceedings as are thereafter required.
 
 
 3
 A motion has been filed by M.A. Reynolds, counsel for appellants, asking that he be permitted to withdraw as counsel for Castleton. In the interest of the uniform and efficient disposition of all issues in this case, the motion is denied without prejudice to renewing it in the district court.
 
 
 4
 It is hereby ORDERED that the appeal be dismissed, and the case remanded to the district court for an evidentiary hearing and determination of the trustee's motion to be made a party to the action.