**Russell P. BRIDGES, et al., Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD ASSOCIATION, Defendant.**

Civ. A. No. 94–2161 SSH.

United States District Court,
District of Columbia.

Feb. 28, 1995.

Gary E. Mason, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for plaintiffs.

Gerald Goldman, Terry Bancroft Dowd, Miller & Chevalier, Washington, DC, for defendant.

*OPINION*

STANLEY S. HARRIS, District Judge.

Before the Court are defendant's motion to compel joinder of the Office of Personnel Management ("OPM") as a party defendant, plaintiff's opposition thereto, and defendant's reply. Upon consideration of the entire record, defendant's motion to compel joinder is granted.

Plaintiffs, present or former federal employees participating in the Blue Cross and Blue Shield Service Benefit Plan, filed an amended class action complaint against Blue Cross and Blue Shield Association (BCBSA) on November 7, 1994. Plaintiffs allege that BCBSA, through 67 of its regional licensees, secretly contracted with health care providers to receive substantial discounts on the portion of the providers' charges payable by BCBSA. Plaintiffs' Amended Complaint at 2, 24–27. Plaintiffs allege that since these secretly negotiated discounts applied only to BCBSA's portion of the providers' charges, individuals insured by BCBSA as part of its federal employee health benefit plan are actually paying a higher percentage in coinsurance than they are supposed to pay. Plaintiffs' Amended Complaint at 28–33. Plaintiffs also allege that Blue Cross and Blue Shield, through its regional entities, routinely issues "Explanation of Benefits" (EOB) forms through the mail to BCBSA plan members that do not accurately reflect the BCBSA's discount. Plaintiffs' Amended Complaint at 27. Plaintiffs claim that because of the secretly negotiated discounts, the resultant large-scale shifting of costs between BCBSA and federal employees enrolled in the BCBSA plan, and the routine practice of mailing allegedly fraudulent EOBs to plan members, BCBSA has violated RICO, breached plaintiffs' contracts with BCBSA, and breached its fiduciary duty to the federal employees enrolled in BCBSA's service plan. Plaintiffs' Amended Complaint at 42–50. Plaintiffs have requested various

forms of declaratory, injunctive, and monetary relief.[1]

BCBSA has moved to compel joinder of the OPM, pursuant to Rule 19 of the Federal Rules of Civil Procedure, as a party defendant in this action. Fed.R.Civ.P. 19(a), the provision at issue, states in pertinent part that

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

There are two threshold requirements to the application of Rule 19(a), both of which are met here. First, the person to be joined must be subject to service of process; the OPM is subject to service of process of this Court. *See* 5 U.S.C. § 8912. Second, for this Court to consider joining the OPM as a party defendant, joinder of the OPM must not deprive this Court of jurisdiction over the subject matter of the action. This threshold requirement, too, is satisfied; joinder of the OPM does not destroy this Court's subject matter jurisdiction. *Id.* Since these threshold requirements are satisfied, the Court "shall ... join[ ]" the OPM as a party defendant if the OPM meets the substantive requirements of Rule 19(a)(1), 19(a)(2)(i), or 19(a)(2)(ii).

The OPM is the federal agency vested by Congress with the authority to supervise and administer all federal employee insurance programs under the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901–8914 (1988 & Supp.1994). The Blue Cross and Blue Shield Service Benefit Plan is the largest federal health benefits plan in the Federal Employees Health Benefits Program. Declaration of Richard J. Luehrs at 1 (Appendix A to Defendant's Motion to Compel Joinder) (hereinafter "Luehrs Declaration"). In its contractual arrangement with BCBSA, the OPM has final authority over selection and implementation of plan benefits, including the coinsurance requirements at issue. Luehrs Declaration at 2.; 5 U.S.C. § 8902(d). *See also National Federation of Federal Employees v. Devine,* 679 F.2d 907, 912 (D.C.Cir.1981) (OPM has broad discretionary authority to determine FEHBA benefits). In addition, the OPM has final authority over the content and form of each year's BCBSA Statement of Benefits, and the OPM directs distribution of the yearly Statement of Benefits to BCBSA Service Benefit Plan enrollees. Luehrs Declaration at 2. Federal employees "enroll" in the BCBSA Service Benefit Plan pursuant to OPM regulations; they do not enroll directly with BCBSA or any of its entities. *Id.* at 1.

The OPM also has authority, pursuant to agency regulations, to review any decision by a FEHBA plan to deny or restrict benefits. *See* 5 C.F.R. § 890.105; *see also Caudill v. Blue Cross and Blue Shield of North Carolina,* 999 F.2d 74, 77 (4th Cir.1993) (noting that the OPM "has established a mandatory administrative process for review of denied claims").

It is clear that the OPM has a substantial interest in the subject of this action. The OPM is charged with administering the BCBSA Service Benefit Plan. The OPM has a statutory obligation to disclose information about the Service Benefit Plan to federal employees enrolled in the plan pursuant to OPM regulations, and the OPM also has final reviewing authority in the selection of benefits, coinsurance provisions, and the like. The OPM also has reviewing authority over any denial of benefits, through agency regulations creating an administrative remedy for such denials. Because the OPM has such broad and far-reaching authority over the

---

**1.** Plaintiffs have also requested an order certifying plaintiffs as a class. On January 24, 1995, this Court issued a Memorandum Order deferring consideration of plaintiffs' motion to certify a plaintiff class until after dispositive motions have been resolved.

BCBSA Service Benefit Plan, plaintiffs' action against BCBSA implicates the OPM in almost every aspect of plaintiffs' suit.

In addition, the OPM has been actively working with BCBSA to implement changes in the discount amount methodology used to calculate coinsurance payments. Luehrs Declaration at 4–5. The OPM and BCBSA are also pursuing an agreement which would make rebates to certain BCBSA enrollees based on recalculations of the enrollees' coinsurance obligations. Id.; Supplemental Declaration of Richard J. Luehrs at 2. Plaintiffs' entire case involves the issue of allegedly improper discounted coinsurance payments, so the ongoing OPM/BCBSA negotiations and revisions will have direct consequences in this action.

Because the OPM has an interest in the subject matter of this action, it meets the standard set forth in Fed.R.Civ.P. 19(a)(2). If non-joinder of the OPM would impair the OPM's interest or subject BCBSA to a substantial risk of inconsistent obligations, see Fed.R.Civ.P. 19(a)(2)(i) and (ii), then the OPM should be joined as a party defendant.

It is beyond cavil that the ability of the OPM to protect its interest in maintaining its broad supervisory authority over the BCBSA Service Benefit Plan would be irredeemably impaired if this Court were not to join the OPM as a party defendant in this action. See McCowen v. Jamieson, 724 F.2d 1421, 1423–24 (9th Cir.1984) (federal agency should have been joined as a necessary party to defend its interpretation of regulations); Boles v. Greeneville Housing Authority, 468 F.2d 476, 479 (6th Cir.1972) (federal agency should have been joined to defend its administrative policies). The district court in Bolden v. Blue Cross and Blue Shield Ass'n, No. 85–2568 (D.D.C. Nov. 15, 1985), noted in a memorandum opinion granting defendant's motion to join the OPM that "OPM's central role in setting rates for FEHB plans, approving the Blue Cross refund and managing the [FEHB] Contingency Reserve ... demonstrates OPM's interest...." The district court's finding in Bolden is equally applicable here. The OPM therefore meets the requirements of Rule 19(a)(2)(i) for joinder.

It is also indisputable that, should this Court not join the OPM as a party defendant, BCBSA runs a substantial risk of being subjected to inconsistent obligations. As stated above, BCBSA and the OPM are currently working to implement an agreement which would provide rebates to some federal employees whose coinsurance obligations were calculated according to the methodology formerly used by BCBSA entities and recently refined by the OPM and BCBSA. If this Court were to award plaintiffs all or some of the remedies they currently seek, BCBSA would be obligated not only to fulfill its duties under the OPM agreement, but also its duties as imposed by this Court, and those obligations might well come into conflict. Because the OPM has an interest in the subject of plaintiffs' action, and because BCBSA may be subjected to a substantial risk of inconsistent obligations if the OPM is not joined as a defendant, both Rule 19(a)(2)(i) and Rule 19(a)(2)(ii) require that the OPM be joined as a defendant in this action.

Plaintiffs argue that the OPM should not be joined as a defendant. Plaintiffs contend in their opposition:

> [I]f BCBSA believes it will be prejudiced by the OPM's absence, BCBSA can protect itself by impleading the OPM. If the OPM believes it will be prejudiced by not participating here (which it apparently does not), the OPM can seek to intervene. Defendant has provided no reason for the Court to ignore the inaction by the very parties purportedly prejudiced by the OPM's absence.

Plaintiffs' Opp. at 3. Plaintiffs' argument is unsupported by the language of Rule 19 and by the law of this Circuit.

Rule 19(a) states that, if a person meets the threshold requirements for joinder and is found to be a necessary party under Rule 19(a)(1), 19(a)(2)(i), or 19(a)(2)(ii), the person "shall be joined as a party in the action...." The language is mandatory, not discretionary; whether the person to be joined has moved to intervene in the case is irrelevant. Whether a party has moved to implead the person to be joined is likewise irrelevant.

*See* Advisory Committee's Note to Fed. R.Civ.P. 19:

> If a person as described in subdivision (a)(1)–(2) is amenable to service of process and his joinder would not deprive the court of jurisdiction in the sense of competence over the action, he should be joined as a party; and if he has not been joined, the court should order him to be brought into the action.

In addition, defendant correctly points out that *Weisberg v. United States Department of Justice,* 631 F.2d 824 (D.C.Cir.1980), directly addresses and disposes of plaintiffs' argument. This Circuit noted in *Weisberg:*

> We recognize that neither the parties nor TIME chose to invoke the procedures available to include TIME in the litigation. But under the Federal Rules, the district court has an independent responsibility to assure the just and final resolution of civil disputes.

631 F.2d at 830 (footnote omitted). The court in *Weisberg* also noted in a footnote that Rule 19 "puts the burden on existing parties *and the court* to bring in those whose presence is necessary or desirable...." 631 F.2d at 830 n. 40 (emphasis in original) (citing *Consumers Union of the United States v. Consumer Product Safety Commission,* 590 F.2d 1209, 1223 (D.C.Cir.1978), *rev'd on other grounds sub nom. GTE Sylvania, Inc. v. Consumers Union of the United States,* 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980)).

Plaintiffs' secondary arguments—namely, that the OPM does not have a substantial interest at stake in this action and that BCBSA does not face a substantial risk of inconsistent obligations if the OPM is not joined—are equally unavailing. As discussed in fuller detail above, it is clear that the OPM has an interest in this action that would be impaired were the OPM not to be joined as a defendant. BCBSA also would face a substantial risk of inconsistent obligations if this Court were to order a remedy that differed from or contradicted the terms of BCBSA's continuing contractual obligation with the OPM. Accordingly, defendant's motion to join the OPM as a party defendant is granted.