**M.O.C.H.A. SOCIETY, INC.,
et al., Plaintiffs,**

v.

**CITY OF BUFFALO, Defendant.**

No. 03–CV–580C(SR).

United States District Court,
W.D. New York.

July 22, 2004.

See also 272 F.Supp.2d 217.

Michael C. Driscoll, Hiscock & Barclay LLP, Buffalo, NY, for Plaintiffs.

Christopher M. Putrino, Department of Law, Kathleen M. Sellers, Hodgson Russ LLP, Buffalo, NY, for Defendant.

CURTIN, District Judge.

In this action, plaintiffs claim that the City of Buffalo discriminated against African–Americans when it promoted firefighters to the job of Fire Lieutenant based on the scores of a promotional civil service examination (the "Examination") administered on April 6, 2002. The City has moved to dismiss the case pursuant to Rule 12(b)(7) of the Federal Rules of Civil procedure for failure to join the New York State Department of Civil Service (the "Department") as a necessary party, or in the alternative for an order directing plaintiffs to file an amended complaint naming the Department and its Commissioner, George C. Sinnott, as defendants (Item 3). Plaintiffs have filed a motion for class certification pursuant to Fed.R.Civ.P. 23 (Item 15). For the following reasons, both motions are denied.

## BACKGROUND

On July 30, 2003, plaintiffs M.O.C.H.A. Society of Buffalo, Inc. ("MOCHA"), and individual Buffalo firefighters Emanuel C. Cooper, Greg Pratchett, and Russell Ross filed this action pursuant to 42 U.S.C. §§ 2000e, *et seq.* (Title VII), 1981, and 1983 seeking relief on behalf of a proposed class of "all African Americans who were eligible to take the [April 6, 2002] Examination including all African Americans who were eligible to take the Examination but did not take the Examination because they were discouraged from doing [so] by their belief that the Examination discriminated against African Americans" (Item 1, ¶ 12). In lieu of answering, the City moved to dismiss the complaint for failure to join the Department as a necessary party, as determined under the requirements of Fed.R.Civ.P. 19. The City argues that the Department is necessary for the adjudication of the merits of the claims in this case because the Examination was obtained from the Department by request of the City pur-

suant to New York State Civil Service Law § 23, which provides:

> Examination services. The state civil service department, upon the request of any such municipal commission, shall render service relative to the announcement, review of applications, preparations, construction, and rating of examinations, and establishment and certification of eligible lists for positions in the classified service under the jurisdiction of such municipal commission. The department may charge a reasonable fee as a condition of rendering any such services. Only the state civil service department and commission shall have jurisdiction to correct any errors in rating in any examination prepared and rated by such department pursuant to the provisions of this subdivision.

N.Y. Civ. Serv. Law § 23(2). According to the City, adjudication of the issues raised in this action may impair or impede the Department's ability to protect its interest in the validity of the Examination because, if the plaintiffs succeed on the merits of their claims, it would call into question the use of the Examination in other jurisdictions across the state.

In responding papers filed upon leave of court (*see* Item 7), the Department contends that it has no special interest in this case, or in the earlier filed action pending in this court, *M.O.C.H.A. v. City of Buffalo*, 98–CV–99 ("M.O.C.H.A. I"), raising similar issues with respect to the results of the administration of the March 14, 1998 Lieutenant's Examination. According to the Department, it merely prepared and scored the Examination upon request by the City, in accordance with the state Civil Service Law, and the determination of the plaintiffs' discrimination claims in this case would have no effect on the validity of the administration of the Examination in other jurisdictions. The Department also contends that Commissioner Sinnott is not a proper defendant in a Title VII action, that neither the Department nor the Commissioner were named in the plaintiffs' discrimination charge filed with the Equal Employment Opportunity Commission ("EEOC"), and that the Department is im-

mune to suits under §§ 1981 and 1983 by virtue of the Eleventh Amendment.

Plaintiffs also oppose the City's motion, arguing that the City has failed to meet its burden to demonstrate a sufficient, legally protectable interest on the part of the Department or the Commissioner such that their presence is required for just adjudication of the parties' claims (*see* Item 11). In addition, plaintiffs have moved for an order pursuant to Fed.R.Civ.P. 23 certifying the case as a class action on behalf of the proposed class described in the pleadings (*see* Item 15).

For the reasons that follow, the City's motion to dismiss is denied, and the plaintiff's motion to certify the class is denied without prejudice to renew at an appropriate time at or near the close of discovery.

## *DISCUSSION*

### I.  Rule 19

The City seeks joinder of the Department and the Commissioner, or dismissal of the case, under Fed.R.Civ.P. 19, which sets forth a two-step test for determining, first, whether an absent party belongs in the suit-*i.e.*, whether the party qualifies as a "necessary" party under Rule 19(a), and second, whether its absence warrants dismissal under Rule 19(b). *See Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724–25 (2d Cir.), *cert. denied*, 531 U.S. 1051, 121 S.Ct. 655, 148 L.Ed.2d 558 (2000). Rule 19(a) provides that an absent party qualifies as "necessary" to the litigation if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

The party seeking Rule 19 relief "has the burden of producing evidence showing

the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994), *quoted in Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 495 (S.D.N.Y.2002). If this burden is not met, and the absent party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b).[1] *See Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir.1990).

■ To meet this burden, the City has submitted the declaration of Olivia A. Licata, Personnel Specialist for the City of Buffalo, whose job duties include making requests to the Department for civil service examination assistance, in accordance with N.Y. Civil Service Law § 23. Ms. Licata states that she sent a letter to the Department in August 2001 requesting examination assistance for the title of Fire Lieutenant, along with a Request for Examination Assistance Form containing the following statement:

> It is understood and agreed that since the services requested herein include the preparation and rating of the examination under provisions of Sec. 23–3, Civil Service Law, The State Civil Service Department and Commission shall have sole and exclusive authority:
>
> I. To prepare all required tests; and
>
> II. To determine the ratings of candidates, except performance ratings of a physical agility test; and
>
> III. To correct any errors in rating, upon appeal or otherwise.

(Item 5, Ex. B). In a transmittal dated December 13, 2001, the Department advised the City of the instructions for preparation of announcements for the April 6, 2002 Examination (*id.*, Ex. C), and on January 30, 2002, the City published notice of the Examination incorporating the instructions furnished by the Department (*id.*, Ex. D). The City contends that this information is sufficient to meet the requirements of Rule 19(a)(2)(i) because it shows that the Department has a "very strong" interest in the validity of the Examination (Item 4, p. 4), as well as the use of the Examination in other jurisdictions across the State, which has been called into question by this litigation and will be unprotected if the Department is not made a party.

To counter this argument, the Department has submitted the affidavit of Mark F. Worden, an associate attorney employed by the Department's Law Bureau (Item 10). Mr. Worden states that under the framework of the State's Civil Service Law, each municipality is charged with the direct responsibility to conduct examinations and establish eligibility lists for civil service employment and promotions within its particular jurisdiction. Upon request by the municipality, the Department is required to render examination services, but there is no requirement in the statute that the municipality utilize these services, and it remains the exclusive responsibility of the municipality to determine the type of test to be administered and the weight to be given the test results in the selection process. In accordance with its statutory obligations, and in response to the City of Buffalo's August 2001 request for examination services, the Department prepared and produced the Examination, provided advice and instruction regarding the announcement of the Examination, and scored

---

1. Rule 19(b) provides that, where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons:

   [T]he court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

   Fed.R.Civ.P. 19(b); see *Viacom*, 212 F.3d at 725; *ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.*, 102 F.3d 677, 681–82 (2d Cir. 1996).

and rated it. According to Mr. Worden, the Department claims no special interest in the Examination, or in the outcome of this action, beyond the obligations imposed by the State's Civil Service Law.

The Department cites *Drankwater v. Miller*, 830 F.Supp. 188 (S.D.N.Y.1993), as an example of a case in which the court rejected an argument similar to the City's argument here–*i.e.*, that the risk of "negative precedent" can provide the requisite prejudice to the absent party sufficient to show impairment or impediment of the party's ability to protect its interest under Rule 19(a)(2)(1). *Drankwater* involved a sales representative's claim that her refusal to accept the sexual advances of the CEO of Matrix Essentials, Inc. (the company whose beauty products she sold) willfully induced the termination of her employment contract with Emiliani of New York, Inc. (the distribution company for Matrix products). The plaintiff sued the CEO and Matrix, who moved to dismiss for failure to join the employer, Emiliani, as a necessary party under Rule 19. The defendants argued that a determination of liability against them would necessarily result in a determination that Emiliani terminated the plaintiff because of sex discrimination, causing Emiliani to suffer the effects of "negative precedent" impairing its ability to defend itself in any potential future wrongful termination litigation brought by the plaintiff. *Drankwater*, 830 F.Supp. at 192.

The court denied the defendants' Rule 19 motion, distinguishing the so-called "negative precedent" cases. *Id.* at 192–93 (citing *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305 (5th Cir.1986); *Spiro v. Parker Bros.*, 1992 WL 197405 (S.D.N.Y. August 4, 1992)). According to the court, in those cases the absent persons were found to be necessary parties because the causes of action and facts to be established in potential future litigation would be exactly the same as the claims and facts to be established in the present case, whereas in the case before it the plaintiff's tort claims against the CEO and Matrix would be "substantially different" from a potential breach of employment contract claim against Emiliani, "and the weight of negative precedent less forceful." *Id.* at 193.

Similarly, in this case I do not find the City's "negative precedent" argument compelling. The Worden affidavit establishes that each municipality or civil division in New York State that requests examination services from the Department under Civil Service Law § 23 remains responsible for determining minimum qualifications for taking the examination, establishing its own eligibility list, making appointments from that list in accordance with seniority requirements and veterans' credit considerations, and otherwise controlling the employment selection and promotion process (*see* Item 10, ¶¶ 18, 22, 23). While several municipalities may request and receive the same examination services, each administration of the examination will be independently evaluated and will have varying results based upon the unique eligibility factors applicable in different jurisdictions (*id.* at ¶ 24). In light of these circumstances, a finding by this court that "[t]he causes of action would be exactly the same as would the facts to be established" in this case and in any potential future litigation against the Department relating to its provision of examination services would be "excessively speculative." *Drankwater*, 830 F.Supp. at 193.

The holdings in the cases cited by the City do not require a contrary result. For example, in *Bridges v. Blue Cross and Blue Shield Ass'n*, 889 F.Supp. 502 (D.D.C.1995), a class of federal employees brought claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) alleging that the insurer providing their health benefit plan secretly contracted with health care providers for discounts on charges payable by the insurer, resulting in employees paying a higher percentage of coinsurance. The court granted the insurer's motion to compel joinder of the federal Office of Personnel Management (OPM), finding that the OPM had a "substantial interest" in the litigation based on its "broad and far-reaching" statutory authority for oversight of all federal employee insurance programs under the Federal Employees Health Benefits Act (FEHBA), including final reviewing authority over the selection and implementation of plan benefits (including the coinsurance requirements at issue in

the case), and authority to review decisions by FEHBA plans to deny or restrict benefits. *Id.* at 503–04.

In *Tillman v. City of Milwaukee*, 715 F.2d 354 (7th Cir.1983), the plaintiff brought a Title VII action against the City of Milwaukee claiming that the City discriminated against him because of his race by discharging him while he was an apprentice in the Electrical Mechanic apprentice program. The court granted the City's Rule 19 motion to dismiss for failure to join the Wisconsin Department of Industry, Labor and Human Relations (DILHR), the state agency vested with the responsibility of controlling apprenticeship programs and the indentures of apprentices through a comprehensive system of statutory requirements and administrative rules governing the contractual conditions of indenture agreements, their modification, and annulment. Because the essential relief sought by the plaintiff was reinstatement to the apprenticeship program, the court found it "more than obvious that the agency (DILHR) created by statute to supervise, direct and regulate apprenticeship programs and indentures was a necessary party to the determination of what, if any, relief could be afforded the plaintiff . . . ." *Id.* at 358.

Here, as made clear by the Worden affidavit, the Department and the Commissioner exercise no such control or decision-making authority over the City's promotional appointments. The Department's (and the Commissioner's) statutory role is to "render service relative to the announcement, review of applications, preparations, construction, and rating of examinations, and establishment and certification of eligible lists for positions" in the respective service classification for the requesting municipality. N.Y. Civ. Serv. Law § 23(2). The City remains responsible for announcing the examination, approving applications, administering the test, establishing the eligibility list, and appointing candidates to the position of Fire Lieutenant.

Based on this analysis, I find that the City has not met its burden to produce evidence showing that either the Department or Commissioner Sinnott has a sufficient interest relating to the subject of the action and is so situated that the disposition of the action in their absence may as a practical matter impair or impede their ability to protect that interest. Accordingly, neither the Department nor Commissioner Sinnott qualifies as a necessary party under Rule 19(a), and the court need not decide whether their absence warrants dismissal under Rule 19(b).

In light of this finding, it is not necessary to address the Department's contentions that Commissioner Sinnott is not a proper defendant in a Title VII action, that neither the Department nor the Commissioner was named in the plaintiffs' EEOC charge, and that the Department is entitled to Eleventh Amendment immunity.

## II. Class Certification

In M.O.C.H.A. I, which raises similar issues with respect to the alleged discriminatory impact of the City's administration of the March 14, 1998 Buffalo Fire Lieutenant's Examination, this court denied the plaintiffs' motion for class certification without prejudice to renew at an appropriate time at or near the close of discovery. The court stated as follows:

> I find that the appropriate course to take at this juncture is to defer any further proceedings on the class certification issue until a time when the parties can agree that discovery is complete and that a schedule for hearings can be set, in advance of the filing of summary judgment motions, to determine whether the prerequisites of Rule 23 have been satisfied. In the court's view, this approach best accommodates the parties' concerns in this case, as well as the policies expressed in the various authorities discussed and cited above, with respect to the court's proper exercise of discretion in making this determination.

*M.O.C.H.A. I*, No. 98–CV–99, at 10 (W.D.N.Y. December 30, 2003); *cf. Chateau de Ville Productions, Inc. v. Tams–Witmark Music Library*, 586 F.2d 962, 966 (2d Cir. 1978) (Although court is required by Rule 23 to make class certification determination as soon as practicable after commencement of the action, district court acted precipitously

109

in deciding class certification motion without fuller development of facts on issues).

The same considerations apply in this case. Accordingly, plaintiffs' motion for certification of the class is denied, without prejudice to renew at an appropriate time at or near the close of discovery.

### CONCLUSION

For the foregoing reasons, the City's motion to dismiss the case pursuant to Rule 12(b)(7) of the Federal Rules of Civil procedure for failure to join the New York State Department of Civil Service (the "Department") as a necessary party, or in the alternative for an order directing plaintiffs to file an amended complaint naming the Department and its Commissioner, George C. Sinnott, as defendants (Item 3), is denied. The City is directed to serve and file its responsive pleading in accordance with the Federal Rules of Civil Procedure within 20 days from the date of receipt of this order.

Plaintiffs' motion for class certification (Item 15) is denied without prejudice.

So ordered.