**RANGER INSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**UNITED HOUSING OF NEW MEXICO,**
**INC., et al., Defendants-**
**Appellees.**
**No. 73–2434**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
Jan. 21, 1974.

L. W. Anderson, Dallas, Tex., for plaintiff-appellant.

T. Mike Field, Edward R. Smith, Lubbock, Tex., for defendants-appellees.

Before BELL, GODBOLD and GEE, Circuit Judges.

BELL, Circuit Judge:

■ This is a declaratory judgment action brought by the appellant-insurer seeking to establish that, under the coverage provisions of its insurance contract with the appellees, herein referred to as the "insureds," it is not liable for claims arising from a fatal crash of the insureds' plane. The jurisdictional basis is diversity, the appellant being a resident of Texas while the insureds are residents of New Mexico.[1] In order to

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. Since the accident occurred in Texas, personal jurisdiction over the appellees was obtainable under the Texas long-arm statute, Vernon's Tex.Rev.Civ.Stat.Ann. arts. 2031a and 2031b.

preserve diversity the appellant did not join certain interested parties, residents of Texas, who are seeking damages against the insureds.[2] This appeal is from dismissal of the action for failure to join these claimants.

█ In reaching its decision the district court relied on the dictum in Abbott Laboratories v. Gardner, 1967, 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681, 695, that courts "may even refuse declaratory relief for nonjoinder of interested parties who are not, technically speaking, indispensable." The district court also quoted a similar principle from 6A Moore, Federal Practice § 57.25 at 3148 (2d ed.). See also Delno v. Market St. Ry. Co., 9 Cir., 1942, 124 F.2d 965. The theory is that the declaratory judgment remedy is inherently discretionary due to both its equitable nature and the permissive wording of the Declaratory Judgment Act, 28 U.S.C.A. § 2201 (1959). Thus, it is argued, a district court's power to dismiss for failure to join a party in a declaratory judgment action is not restricted to that provided by Rule 19(b) of the Federal Rules of Civil Procedure. However, we do not pass on this question because we conclude that the claimants are indispensable parties under the conventional Rule 19(b) approach.

Rule 19(b) states that when it is determined under Rule 19(a)[3] that a person should be joined if feasible, but he cannot be, then the court should decide,

"whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed . . . . The factors to be considered by the court include: first, to what extent a judg-ment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

In applying these factors we are mindful of the rule that:

"Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court."

Boles v. Greenville Housing Authority, 6 Cir., 1972, 468 F.2d 476, 478 (Tuttle, J., sitting by designation).

As for the first factor, the district court considered it "nonsensical to suggest that a declaration, in this Court, of liability or non-liability will have no practical effect upon the [claimants]," given the possibility (now an actuality), of their obtaining a judgment against the insureds. While a judgment in favor of the appellant probably would not operate to bar the absent claimants from proceeding under the policy's direct action clause, we are satisfied that the claimants' interests would be prejudiced. For example, they would have to contend with the *stare decisis* effect of such a judgment, or they might be forced to litigate its effect on the direct action clause.

---

2. These claimants filed suit against the appellees in the United States District Court for the Western District of Texas during pendency of this case in the court below. Subsequent to the lower court's disposition of this declaratory judgment action, judgment was rendered in the Western District of Texas in behalf of the claimants and against one of the insureds.

3. Rule 19(a) defines a person who should be joined if feasible as, *inter alia*, one who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest . . . ." For reasons to be discussed in considering the first Rule 19(b) factor, *infra*, the claimants are such persons.

Conceivably the district court could shape relief to avoid seriously prejudicing the absent claimants, possibly by enjoining appellant from raising its judgment of noncoverage as a defense to a direct action. However, at this point the basic difficulty with appellant's case becomes apparent—either a judgment might prejudice the claimants, violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor. Neither alternative is acceptable.

The third factor has been authoritatively construed to refer to the public interest in efficient, nonrepetitive litigation. Provident Trademens Bank & Trust Co. v. Patterson, 1968, 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936, 946. We think it clear that this factor weighs heavily against appellant—assuming, as we must, that any judgment would be shaped to avoid prejudice to claimants, they could force relitigation of the very issue here involved, that of whether the appellant is liable under its insurance contract.

Finally, we are not convinced that the appellant is without an adequate alternative remedy. It could seek its declaratory judgment in the state courts of Texas, where the claimants could be joined without destroying jurisdiction. We are aware that Texas courts apply strict standards to avoid issuing contingent, advisory opinions through the declaratory judgment procedure, but the fact that claimants have actually obtained a judgment against an insured apparently renders the coverage issue justiciable under Texas law. *Cf.* Firemen's Ins. Co. v. Burch, S.Ct.Tex. 1968, 442 S.W.2d 331.

In sum, the appellant has failed to carry its burden of establishing that this case would not prejudice absent parties or that it would not be wasteful, uneconomical litigation that could be more efficiently conducted in another forum. The judgment of the district court therefore is

Affirmed.