**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

v.

**CITY OF CRYSTAL RIVER, FLORIDA, a municipal corporation organized under the laws of the State of Florida, Defendant.**

**CITY OF CRYSTAL RIVER, FLORIDA, a municipal corporation organized under the laws of the State of Florida, Defendant/Counter–Plaintiff,**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, an Illinois corporation, Plaintiff/Counter–Defendant,**

and

**Consolidated American Insurance Company, a corporation, Counter–Defendant.**

**No. 87–183–Civ–Oc–14.**

United States District Court,
M.D. Florida,
Ocala Division.

Dec. 14, 1987.

Lynn James Henson, Edward F. Ruberry and Phillip T. Powers, Chicago, Ill., for plaintiff.

Jeannette M. Haag and Mark J. Yerman, Inverness, Fla., for defendant/counter-plaintiff.

Michael A. Estes, Orlando, Fla., for counter-defendant.

## ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on plaintiff/counter-defendant International Surplus Lines Insurance Company's [hereinafter "ISLIC"] Motion To Confirm Existence of Federal Subject Matter Jurisdiction, filed on November 10, 1987. Defendant/counter-plaintiff City of Crystal River, Florida [hereinafter "the City"] filed a response on November 23, 1987. Counter-defendant Consolidated American Insurance Company [hereinafter "Consolidated"] has filed no response and pursuant to Rule 3.01(b), Local Rules of the United States District Court for the Middle District of Florida, the Court assumes that Consolidated has no objection to the Court granting the motion.

On September 4, 1987, ISLIC filed its Complaint in this Court seeking a declaration that it is not obligated to reimburse the City for attorney's fees expended by the City in the defense of certain litigation. The Complaint indicated that this Court had subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 2201 (declaratory relief). ISLIC is an Illinois corporation having its principal place of business in Illinois. The City is a citizen of Florida for purposes of determining federal subject matter jurisdiction.

On September 29, 1987, the City filed an Answer and Counterclaim pursuant to Fed.R.Civ.P. 13(a) and Fed.R.Civ.P. 13(h). The Counterclaim named ISLIC and Consolidated as defendants and sought declaratory relief and damages for breach of contract. Consolidated is an insurance company having its principal place of business in the state of Florida. The City's claims against Consolidated arise out of the same facts as those alleged in ISLIC's Complaint. The City is seeking a declaration that either ISLIC or Consolidated is obligated, under certain insurance policies, to reimburse the City for the attorney's fees incurred in the defense of two law suits.

On September 11, 1987, the same day on which ISLIC obtained service on the City of its federal action, the City instituted an action against ISLIC and Consolidated in the Circuit Court of Citrus County, Florida. That action sought relief for breach of various insurance policies arising from the same factual circumstances involved in the federal action.

On November 9, 1987, the Honorable William F. Edwards, Circuit Court Judge, in and for Citrus County, Florida, entered an order staying the City's action in that court for thirty days to allow this Court to

determine whether or not it could exercise jurisdiction over the entire action. At the end of the thirty days if this Court had not made such a determination, the stay was to be lifted and the parties were to proceed with state court litigation.

ISLIC argues in its motion that jurisdiction over this entire action is proper under the doctrine of ancillary jurisdiction. The City opposes the exercise of ancillary jurisdiction by this Court. The City argues that Consolidated is an indispensable party in this action and should be aligned as a plaintiff along with ISLIC. Accordingly, because both the City and Consolidated are citizens of the same state, all plaintiffs would cease to be of diverse citizenship from all defendants. In that event, the City argues, this Court cannot properly exercise subject matter jurisdiction.

This circuit has recognized that a federal court may properly exercise ancillary jurisdiction over a defendant's compulsory counterclaims under Fed.R.Civ.P. 13(a), *see Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1359 (5th Cir.1979) *(citing Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506, 41 L.Ed. 2d 243 (1974); *Williams v. Blazer Financial Services Inc.,* 598 F.2d 1371, 1373 (5th Cir.1979). *See also* 13 *C. Wright, A. Miller*

*& E. Cooper Federal Practice and Procedure: Jurisdiction 2d* § 3523 n. 59 (2d ed. 1984), but not the defendant's permissive counterclaims under Fed.R.Civ.P. 13(b), *see Plant v. Blazer Financial Services, Inc., supra,* 598 F.2d at 1359, *(citing Diamond v. Terminal Ry. Alabama State Docks,* 421 F.2d 228 (5th Cir.1970)). This circuit also permits defendants to assert compulsory counterclaims against a new non-diverse party under the court's ancillary jurisdiction and the procedure outlined in Fed. R.Civ.P. 13(h). *See H.L. Peterson Co. v. Applewhite,* 383 F.2d 430, 433–34 (5th Cir. 1967); *See also* 13 *C. Wright, A. Miller & E. Cooper Federal Practice and Procedure: Jurisdiction 2d* § 3523 n. 60 (2d ed. 1984); 3 *J. Moore, Moore's Federal Practice* ¶ 13.39 n. 19 (Durst rev. 1983). Fed.R. Civ.P. 13(h) permits a defendant to assert a counterclaim against a new party so long as the new party may be joined under Fed.R.Civ.P. 19 or Fed.R.Civ.P. 20.[1]

The parties do not dispute that Consolidated is a necessary party to this action. It appears that complete relief cannot be accorded in this action in the absence of Consolidated. Consolidated must, therefore, be joined, if feasible, under Fed.R. Civ.P. 19.[2] Because Consolidated is a nec-

---

1. Fed.R.Civ.P. 13(a) which defines "compulsory counterclaims" provides in pertinent part as follows:

    **(a) Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader · has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

    In order for the City to assert its counterclaim against Consolidated, Fed.R.Civ.P. 13(a) would require that Consolidated first be an "opposing party" in the action. The rules make this mandate clear in Fed.R.Civ.P. 13(h) which provides as follows:

    **(h) Joinder of Additional Parties.** Persons other than those made parties to the original action may be made parties to a counterclaim or crossclaim in accordance with the provisions of Rules 19 and 20.

    Accordingly, whether the City can assert a compulsory counterclaim against Consolidated depends on whether the City can properly join Consolidated under Fed.R.Civ.P. 19 or Fed.R. Civ.P. 20.

2. Fed.R.Civ.P. 19 provides in pertinent part as follows:

    **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in an proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action

essary party to this action and because the City's cause of action against Consolidated arises out of the same transaction that is the subject matter of the City's claim against ISLIC, the City's counterclaim against Consolidated must be a mandatory counterclaim under Fed.R.Civ.P. 13(a). Where a defendant's counterclaim against a non-diverse party is mandatory, this Court may exercise its ancillary jurisdiction over the counterclaim. *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433–34 (5th Cir.1967). Accordingly, this Court has jurisdiction over the entire action even though Consolidated, a counter-defendant, is not of diverse citizenship from the City, the counterclaimant.

*Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), is not contrary to this result. In that case, Owen, a citizen of Iowa, brought a cause of action in federal court on the basis of diversity of citizenship against a Nebraska corporation called "OPPD." OPPD filed a third-party complaint against Kroger, a citizen of Iowa. Owen then filed an amended complaint against the corporation whose principal place of business was in Iowa. OPPD successfully moved for summary judgment against Owen, leaving Kroger as the remaining defendant.

The Court held that though the claim against Kroger arose from a "common nucleus of operative fact" as the original claim against OPPD, the requirement of complete diversity of all plaintiffs from all defendants under 28 U.S.C. § 1332(a)(1) would not permit plaintiff to maintain the action against Kroger. The Court further stated that ancillary jurisdiction did not permit a plaintiff to defeat the statutory requirement of complete diversity simply by suing only those defendants of diverse citizenship and waiting for them to implead nondiverse defendants.

The Court stated that in determining whether jurisdiction over a nonfederal claim existed, "the context" in which that claim was asserted was crucial. In *Owen* the nonfederal claim was not ancillary to

the federal one because Kroger's liability did not depend at all on whether OPPD was also liable. In addition, the Court emphasized that the plaintiff voluntarily chose to sue upon a state-law claim in federal court, whereas ancillary jurisdiction usually involved claims by a defending party brought into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court.

The Court did not seek to alter the rule applied in this case and established by *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir.1967). Indeed the Court cited the case with approval in *Owen. See Owen, supra*, 437 U.S. at 375 n. 18, 98 S.Ct. at 2403 n. 18. Furthermore, unlike *Owen*, it was not the plaintiff who brought suit against Consolidated but the defendant City.

The City urges that *Ranger Insurance Company v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir.1974), requires a result contrary to the one reached in this case. In *Ranger*, the court affirmed a dismissal where an insurer, who brought a declaratory judgment proceeding seeking determination that its policy did not provide coverage, failed to join claimants against the insured. That case is distinguishable from the instant case for a number of reasons. First, in the instant case ISLIC has brought no cause of action against Consolidated and apparently does not have one. Indeed, the City states in its memorandum that "[t]here exists no actual controversy between ISLIC and CONSOLIDATED although each may desire that the other be found liable to the City." In *Ranger*, the court determined that the insurance company had a cause of action against the claimants and had to join them as defendants under Fed.R.Civ.P. 19. Second, the City has voluntarily invoked this Court's ancillary jurisdiction over the counterclaim against Consolidated. No party in *Ranger* invoked the federal court's ancillary jurisdiction and the court gave no view

improper, that party shall be dismissed from the action.

on whether or not ancillary jurisdiction provided an adequate ground for permitting a counterclaim against a non-diverse party.[3]

This case is an example of a clever use of the declaratory judgment procedure by plaintiff and an imprudent invocation of the Court's ancillary jurisdiction by the defendant. *See supra* note 3. This result is one the Federal Rules of Civil Procedure intended to avoid, the elevation of form over substance. Nonetheless, this Court's diversity jurisdiction was properly invoked, as was the Court's ancillary jurisdiction. Under *H.L. Peterson Co. v. Applewhite,* 383 F.2d 430, 433–34 (5th Cir.1967), this Court's exercise of ancillary jurisdiction is not discretionary and plaintiff's right to an adjudication by a federal court cannot be denied.[4]

Accordingly, it is

ORDERED:

1. That the Plaintiff ISLIC's Motion To Confirm Existence Of Federal Subject Matter Jurisdiction, filed on November 10, 1987, is granted.

2. That this Court has subject matter jurisdiction over the entire controversy including over the City's counterclaim asserted against Consolidated.

---

3. Rather than interpose a counterclaim against Consolidated pursuant to Fed.R.Civ.P. 13(h), the City could have brought a motion requiring ISLIC to join Consolidated as an involuntary plaintiff under Fed.R.Civ.P. 19. In that event, *Ranger Insurance Company v. United Housing of New Mexico, Inc.,* 488 F.2d 682 (5th Cir.1974) may have required dismissal of this lawsuit. That issue is not before the Court because of the City's invocation of this Court's ancillary jurisdiction.

4. A different result could arise if the claim by ISLIC against the City, which originally created federal jurisdiction, is somehow resolved prior to trial. In that event, the Court would be left only with the ancillary claim. The Court states no opinion on whether its exercise of jurisdiction in that event would be proper.