[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16378
Non-Argument Calendar

_____

D. C. Docket No. 04-02034-CV-MHS-1

AMERICAN SAFETY CASUALTY INSURANCE COMPANY,

Plaintiff-Appellant,

versus

CONDOR ASSOCIATES, LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

American Safety Casualty Insurance Company (ASCIC) appeals from the district court's dismissal of its declaratory judgment action against Condor Associates because of its failure to join an indispensable party pursuant to Fed. R. Civ. P. 19(b). ASCIC contends that the district court abused its discretion in concluding that Joseph and Maria Volpe were indispensable parties without whom the declaratory judgment action could not proceed.

ASCIC instituted this action after Condor, which was insured under a policy issued by ASCIC, was sued by the Volpes for injuries Joseph Volpe received while working for a sub-subcontractor of Condor. In its suit, ASCIC sought a determination that it had no duty under the policy to defend or indemnify Condor for the damages alleged in the Volpes' complaint. It did not name the Volpes as a party to the action.

The district court, however, concluded that the Volpes were an indispensable party as defined by Rule 19(b) and dismissed ASCIC's suit.

ASCIC argues that the district court's application of the Rule 19(b) factors (and, as a result, its conclusion that the Volpes were indispensable) was erroneous for two reasons. First, it argues that the district court failed to recognize that Condor would adequately protect the Volpes' interest in the declaratory judgment action because they both desire the same thing—namely, a judgment that the

2

insurance policy issued by ASCIC provides coverage for the damages alleged by the Volpes.  Second, ASCIC contends that, even if Condor could or would not adequately protect the Volpes' interest, the district court nevertheless erred by dismissing the action because, according to ASCIC, it ignored the possibility that the Volpes could intervene in the suit pursuant to Fed. R. Civ. P. 24(a).  ASCIC contends that the possibility of intervention under Rule 24(a) alleviates the potential for prejudice to the Volpes' interests.

"We review dismissal for failure to join an indispensable party for abuse of discretion."  Laker Airways, Inc. v. British Airways, 182 F.3d 843, 847 (11th Cir. 1999) (citing Mann v. City of Albany, 883 F.2d 999, 1003 (11th Cir. 1989)).  "This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect.  Short of that, an abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision."  Schiavo ex rel. Schindler v. Schiavo ex rel. Schiavo, __ F.3d __, No. 05-11556, 2005 WL 648897, at *2 (11th Cir. Mar. 25, 2005) (internal citations omitted).

First, ASCIC cites Evangelical Lutheran Church v. Atlantic Mutual

3

Insurance Co., 173 F.R.D. 507 (N.D. Ill. 1997), for the proposition that the Volpes were not indispensable because they shared an "identity of interest" with Condor. The district court did not abuse its discretion by declining to follow Evangelical Lutheran. That decision from the Northern District of Illinois is not the law of this circuit. At most, Evangelical Lutheran is persuasive authority, and the district court found the reasoning of Evangelical Lutheran "unpersuasive." We cannot say that the district court abused its discretion by failing to follow that out-of-circuit case, particularly where ASCIC has cited no cases from our circuit even hinting that the type of identity of interest it alleges between Condor and the Volpes would prevent a finding of indispensability.

That the district court did not err by failing to follow Evangelical Lutheran is especially evident in light of Ranger Insurance Co. v. United Housing of New Mexico, 488 F.2d 682 (5th Cir. 1974), a case that is binding and one on which the district court relied.[1] In Ranger, we affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, "the claimants' interests would be prejudiced." Id. at 683. In so

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

ruling, we said nothing about the identity of interests between the claimants and the insured, even though, like here, both the insured and the claimants presumably wanted a judgment that the insurance policy afforded coverage of their claims. Id. The district court in this case acted well within its discretion in applying the reasoning and analysis from Ranger to reach the conclusion that the Volpes would be prejudiced if ASCIC's suit were to proceed without them. Indeed, it probably would have been error not to follow Ranger.

Second, the district court did not abuse its discretion by failing to consider the possibility that the Volpes might be able to intervene in this action when weighing the potential prejudice against them. It is true that the Federal Rules of Civil Procedure advisory committee noted that the possibility of intervention may be a relevant factor in considering if a party is indispensable under Rule 19(b). See Fed. R. Civ. P. 19 advisory committee's note ("[T]he absentee may sometimes be able to avert prejudice to himself by voluntarily appearing in the action or intervening on an ancillary basis.").

Importantly, however, consideration of the possibility of intervention is not a hard and fast requirement. Several other circuits considering the interplay between the possibility of intervention under Rule 24(a) and the prejudice determination under Rule 19(b) treat the possibility of intervention as a permissive, rather than

5

mandatory, consideration.  See Dainippon Screen Mfg. Co. v. CFMT, Inc., 142 F.3d 1266, 1272 (Fed. Cir. 1998) ("Moreover, to the extent it would be prejudiced if the suit were to proceed in its absence, CFMT may intervene in the suit, and this opportunity to intervene may be considered in calculating [any] prejudicial effect." (internal quote and citation omitted) (emphasis added)); Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 636 (1st Cir. 1989) ("A court can properly consider ability to intervene when assessing the interest of an absent party for purposes of the indispensability determination under Rule 19(b).  But ability to intervene cannot control the indispensability determination, which examines whether a party is an essential part of the controversy before the court." (emphasis added)); In re Allustiarte, 786 F.2d 910, 919 n.2 (9th Cir. 1986) ("[T]he absent parties' failure to intervene when they were not joined, may be considered in determining whether those parties have been prejudiced by non-joinder." (emphasis added)).

We are not persuaded by the Second Circuit cases that are cited by ASCIC. First, we do not read those cases as imposing a rule that a district court must always consider the ramifications of Rule 24 when making an indispensability determination under Rule 19(b).  It is especially clear in Prescription Plan Service Corp. v. Franco, 552 F.3d 493 (2d Cir. 1977), that the Second Circuits' reversal of the district court was not due to that court's failure to consider the possibility of

6

intervention under Rule 24 but, rather, its "fail[ure] to consider" the criteria enumerated in Rule 19(b). Id. at 496 (concluding that none of the four Rule 19(b) factors were met). Second, those Second Circuit decisions would not be binding here, even if they did create such a requirement. And, given the decisions from other circuits that we have just cited, we would not be alone in declining to adopt such a rule.

We conclude, then, that while the district court could have considered the possibility of intervention, its failure to do so was not an abuse of discretion.[2] Therefore, ASCIC has failed to demonstrate that the district court abused its discretion in finding that the Volpes were not indispensable parties.

**AFFIRMED.**

---

[2] It is unnecessary for us to decide whether the Volpes actually could have intervened in this case.