IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 14, 2005

# BILLY SUDDARTH, JR, ET AL. v. HOUSEHOLD COMMERCIAL FINANCIAL SERVICES, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-80     Hamilton Gayden, Judge**

---

**No. M2004-01664-COA-R3-CV - Filed February 13, 2006**

---

Billy Suddarth, Jr. and Angela Suddarth appeal the summary dismissal of their action, which was dismissed on the grounds of res judicata, collateral estoppel, the Full Faith and Credit Clause, and the compulsory counterclaim rule of the Federal Rules of Civil Procedure. In the former action in the United States District Court for the Northern District of Illinois wherein the Suddarths were defendants, Household Commercial Financial Services, Inc. alleged the Suddarths breached a guaranty agreement by failing to pay a deficiency owing on the underlying credit agreement they had guaranteed. Household prevailed on the merits in the former action against the Suddarths. In the present action in the Circuit Court of Davidson County the Suddarths allege fraud, fraudulent inducement and civil conspiracy against Household and two other defendants concerning the guaranty agreement that was the subject of the former action in the United States District Court. The present claims by the Suddarths arose out of the same transaction or occurrence that was the subject of Household's action in the United States District Court; therefore, it was compulsory that the Suddarths' claims be presented in the former action. The Suddarths failed to do so. Therefore, we affirm the dismissal of this action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

G. Kline Preston, Nashville, Tennessee, for the appellants, Billy Suddarth, Jr., and Angela Suddarth.

Neal H. Levin, Chicago, Illinois, and D. Alexander Fardon, Nashville, Tennessee, for the appellee, Household Commercial Financial Services, Inc.

## OPINION

This is the second action between the Suddarths and Household. The former action was filed on November 16, 2001. In that action Household alleged that the Suddarths had breached a guaranty agreement they had executed in favor of Household and sought the remaining debt from a credit

agreement between Household and American National Home Mortgage, Inc. The Suddarths were principals of American National, and the credit agreement was the subject of the guaranty upon which Household sued the Suddarths. The Suddarths filed an answer to Household's complaint and alleged, inter alia, that the guaranty was procured by fraud and therefore was voidable and unenforceable; however, they did not file any counterclaims against Household. The Suddarths' fraud defense was based upon the allegation that Household made an oral promise to extend a new line of credit to American National in exchange for the Suddarths' guaranty. Household denied that any promise was made to extend additional credit, and asserted that no such claim or defense could be maintained pursuant to the Illinois Credit Agreement Act unless the alleged credit agreement was in writing and signed by both the creditor and debtor.

The former action involved two counts: the alleged breach of the personal guaranty agreement and a conversion claim. Both parties filed motions for summary judgment in respect to the breach of the guaranty agreement. Household prevailed on its motion for summary judgment and was awarded a judgment against the Suddarths in the amount of $1,241,013.20.[1] The final judgment in the former action was entered on October 7, 2002, and the Suddarths did not appeal from that judgment.

Three months later, on January 8, 2003, the Suddarths filed this action in the Circuit Court of Davidson County, Tennessee against Household and two individual defendants, Joseph Cleghorn, Jr. and Amy Fagan, alleging fraud, fraud in the inducement, and civil conspiracy by and among the three defendants. All of the allegations in the present action pertain to the same guaranty agreement and the underlying credit agreement upon which Household sued the Suddarths and to Household's alleged oral promise to provide a new line of credit in exchange for the Suddarths' guaranty. Specifically, the Suddarths allege they were not informed of the conditions of the loans, they relied upon misrepresentations by representatives of Household, Household made intentional and knowingly false representations, and the defendants conspired to fraudulently induce the Suddarths to enter into the guaranty agreement.

In its answer to the present action in the Circuit Court, Household contended the Suddarths' claims were barred by res judicata, collateral estoppel, the Full Faith and Credit Clause of the United States Constitution, and Federal Rule of Civil Procedure 13(a) regarding compulsory counterclaims. Household filed a motion for summary judgment, which the trial court granted. The Suddarths now appeal contending that this second suit concerns issues and parties that were not before and could not have been properly brought before the court in Illinois.

### STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100

---

[1] The District Court found that the Suddarths' defense of fraud was barred by the Illinois Credit Agreements Act, which bars actions for fraud that relate to credit agreements not in writing.

S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc*., 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgments are proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

## ANALYSIS

The Circuit Court of Davidson County summarily dismissed the Suddarths' complaint on multiple grounds: res judicata, collateral estoppel, the Full Faith and Credit Clause, and the compulsory counterclaim rule of the Federal Rules of Civil Procedure. We have concluded the dismissal was properly based on the failure of the Suddarths to assert the present claim as a compulsory counterclaim in the federal court action.[2]

In the former action, Household sued the Suddarths on a guaranty agreement for a deficiency owed by American National Home Mortgage, Inc. Household had entered into a credit agreement with American National and additionally a guaranty agreement with the Suddarths. The guaranty agreement provided that the Suddarths would be personally liable to Household for the obligations

---

[2]Finding the dismissal was proper on this ground renders it unnecessary that we discuss the appellant's contentions as to the other grounds for dismissal.

of American National in the event American National defaulted on the credit agreement. American National defaulted on the loans and went out of business owing a substantial debt to Household. As a consequence, Household filed suit against the Suddarths to hold them personally liable on the guaranty agreement for the obligations of American National. The Suddarths asserted several defenses to Household's action, including the defense that Household fraudulently induced them to sign the guaranty agreement by promising a new line of credit to American National in exchange for their guaranty signature; however, the Suddarths did not assert a counterclaim for fraud. Household filed a motion for summary judgment and was awarded a judgment on the merits against the Suddarths on the basis of the guaranty agreement.

The former action between the Suddarths and Household was commenced and maintained in the United States District Court for the Northern District of Illinois.[3] Accordingly, the parties were obligated to comply with the Federal Rules of Civil Procedure in that action. Fed. R. Civ. P. 13(a) sets forth a mandatory provision for a defendant to state as a counterclaim any claim the defendant has against the plaintiff, "*if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (emphasis added).[4]

"[A] compulsory counterclaim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." *Sanders v. First Nat'l Bank and Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Maddox v. Kentucky Fin. Co., Inc.*, 736 F.2d 380, 382 (6th Cir. 1984)). To determine whether the claims alleged in a second action were compulsory counterclaims in the first action, it must determined whether they are logically related. *See Sanders*, 936 F.2d at 277; *see also Inforizons, Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 119 (N.D. Ill. 2001). "Federal law does not impose a formalistic test to determine whether suits are logically related so as to equate one suit a compulsory counterclaim of the other." *Inforizons*, 204 F.R.D. at 119 (citations omitted). We look to the issues of law and facts raised by the claims to see if they are largely the same. *See generally Sanders*, 936 F.2d at 277.

It is undisputed the former action arose out of the same business relationship between the Suddarths and Household at issue in the present action, and specifically out of the guaranty agreement sued on in the former action. Because both the first suit and the second suit arose out of the same transaction or occurrence, the guaranty agreement between the Suddarths and Household,

---

[3]The guaranty agreement provided that any disputes involving the agreement would be brought in the courts of Illinois or in the United States District Court for the Northern District of Illinois. The federal court properly had jurisdiction over the parties on the basis of diversity of citizenship because Household was a Delaware corporation with its principal place of business in Illinois, and the Suddarths were Tennessee residents.

[4]It should be noted that Tenn. R. Civ. P. 13.01, which is very similar to Fed. R. Civ. P. 13(a), is dissimilar in one important respect, the Tennessee rule includes an exception not found in the federal rule, that is the exception pertaining to tort claims. Tenn. R. Civ. P. 13.01 reads in part, "A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party . . ." Fed. R. Civ. P. 13(a) reads in part, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, . . ."

we find the two actions are logically related. Therefore, the Suddarths would have been required to assert their present claim in the former action as a compulsory counterclaim assuming doing so did not "require for its adjudication the presence of third parties of whom the court [could not] acquire jurisdiction," as Fed. R. Civ. P. 13(a) provides.

The Suddarths contend they could not have asserted the counterclaim in the federal court action because adjudication of the counterclaim required the addition of Joseph Cleghorn and Amy Fagan, both of whom are Tennessee residents. The Suddarths contend the addition of Cleghorn and Fagan would have deprived the federal court of its jurisdiction, which was based on diversity of citizenship, because the Suddarths are also Tennessee residents. We find the Suddarths' reliance on the exception to the compulsory counterclaim rule without merit because it fails to recognize the federal court's ancillary jurisdiction.

The Federal Rules of Civil Procedure require a party to be joined in an existing action "when nonjoinder would prevent complete relief from being accorded the existing parties or would have a prejudicial effect on the nonparty's ability to protect his own interests." *Baltimore & Ohio R.R. Co. v. Cent. Ry. Servs., Inc.*, 636 F.Supp 782, 786-787 (E.D. Penn. June 9, 1986) (quoting 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1604 (Supp. 1985); Fed. R. Civ. P. 19(a)). In the complaint in Circuit Court, the Suddarths allege that Cleghorn and Fagon conspired with Household to commit a fraud upon them. Under such circumstances, Cleghorn and Fagon were parties that should have been joined as necessary parties under Rule 19 of the Federal Rules of Civil Procedure.

Contrary to the contentions of the Suddarths, the joinder of Cleghorn and Fagon would not have defeated the federal court's jurisdiction over the counterclaim. This is due to the federal court's ancillary jurisdiction, which would have permitted the joinder of Cleghorn and Fagon without destroying diversity jurisdiction. *See Alfa Ins. Corp. v. Word of Faith Ministries*, 139 F.R.D. 350, 353 (S.D. Mississippi Sept. 23, 1991)(where counterclaims were compulsory counterclaims, they were deemed auxiliary to the main claim, and no independent jurisdictional grounds were needed to support them, and lack of diversity did not defeat them)(citing *Moore v. New York Cotton Exch.*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). Accordingly, the fact Cleghorn and Fagon are Tennessee residents would not have prevented the Suddarths from asserting "compulsory counterclaims against a new non-diverse party under the court's ancillary jurisdiction and the procedure outlined in Fed. R. Civ P. 13(h)." *Int'l Surplus Lines Ins. Co. v. City of Crystal River, Florida*, 674 F.Supp. 1455, 1457 (M.D. Fla. Dec. 14, 1987)(other citations omitted).

The Suddarths additionally assert the novel, yet meritless theory that they were precluded from asserting a counterclaim for fraud in the federal court action. They point to the Illinois Credit Agreement Act, 815 Ill. Comp. Stat. 160/1 et seq., which provides in pertinent part:

> A debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.

815 Ill. Comp. Stat. 160/2. The defense the Suddarths asserted, and thus the counterclaim they would have asserted was based upon an alleged oral agreement to extend credit, which the Illinois Credit Agreement Act provides cannot be maintained. Thus, the Suddarths argue they could not have asserted a counterclaim for fraud in the federal court action because they would have lost on the merits.

The obligation to assert a counterclaim is not dependent upon nor excused by the fact the claim has no merit. The point missed by the Suddarths is that Fed. R. Civ. P. 13(a) mandated that they assert the counterclaim in the interest of judicial economy, not in the likelihood they would prevail. The only relevant question is whether the Suddarths' claim, whether asserted or not, arose out of the same transaction or occurrence as the claim in federal court.[5] The answer to the question is in the affirmative.

The Suddarths' claims for fraud and conspiracy to commit fraud in the present action arose out of the same transaction or occurrence as Household's initial claim and, therefore, pursuant to Fed. R. Civ. P. 13(a) the Suddarths were required to assert it as a counterclaim in the former action, and having failed to do so are forever barred from raising the claim in another action, including the present action. *See Sanders*, 936 F.2d at 277 (citing *Baker v. Golden Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1, 94 S.Ct. 2504, 2506 n.1, 41 L.Ed.2d 243 (1974)(holding that "an opposing party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action).

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Suddarths.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]Pursuant to Fed. R. Civ. P. 13(a) it is also necessary that the federal court could have obtained jurisdiction over necessary additional parties. The Suddarths did not establish that the federal court could not have acquired jurisdiction over Cleghorn and Fagon.